[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10543
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 7, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 89-00182-CV-OC-10-GRJ

KENNETH A. STOECKLIN,

Plaintiff-Counter-Defendant-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Counter-Claimant-Cross-Claimant-Third-
Party Plaintiff-Appellee,

INTERNAL REVENUE SERVICE,

Defendant,

A.B. PHILLIPS, in his individual capacity,
DAVID B. QUINN, in his individual capacity,

Counter-Defendants,

K. WAYNE STOECKLIN,
HELEN R. STOECKLIN,

                                        Cross-Defendants-Third-Party
                                                      Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 7, 2008)**

Before DUBINA, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant Kenneth A. Stoecklin, proceeding *pro se*, appeals the district court's order denying his motion to vacate its order granting the government's cross-motion for summary judgment in an action to set aside Stoecklin's fraudulent conveyance of property, reclaim his unpaid tax liability, and sell the property to satisfy the unpaid tax liability under 26 U.S.C. § 7402. On appeal, Stoecklin argues that the district court erred in denying his Fed.R.Civ.P. 60(b) motion to vacate because the government and the county recorder conspired to record fraudulently the federal tax liens on his property without proper certification.

Normally, we review a district court's denial of a Fed.R.Civ.P. 60(b) motion for an abuse of discretion. *Turner v. Sec'y of Air Force*, 944 F.2d 804, 807 (11th

Cir. 1991). Under Fed.R.Civ.P. 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding" because of, *inter alia*, "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed.R.Civ.P. 60(b)(3). "This rule does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed.R.Civ.P. 60(d). "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978).[1] "Less egregious misconduct, such as nondisclosure to the court of facts allegedly pertinent to the matter before it, will not ordinarily rise to the level of fraud on the court." *Id.* Thus, "it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Id.* (citation omitted).

Motions under Fed.R.Civ.P. 60(b) must be brought "within a reasonable time," and a motion under Fed.R.Civ.P. 60(b)(1), (2), or (3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c)(1). An independent action for "fraud on the court" under

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

Fed.R.Civ.P. 60(d) may be brought at any time. *Rozier*, 573 F.2d at 1337-38.

Because the record demonstrates that Stoecklin filed his Fed.R.Civ.P. 60(b)(3) motion nearly 12 years after the district court's order granting summary judgment in favor of the government, we conclude that it was not timely filed under Fed.R.Civ.P. 60(c)(1). Accordingly, we affirm the district court's order denying Stoecklin's Fed.R.Civ.P. 60(b)(3) motion to vacate.

**AFFIRMED.**